IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:22-cr-00268-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| KEVIN TRAN, | |
| Defendant. | |

This matter comes before the court on Defendant's Notice of Insanity Defense and Motion for Competency and Insanity Evaluations [DE 18]. The court may order a competency evaluation when "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a), (b). The Government filed a certificate of dangerousness against Defendant before the alleged conduct giving rise to the instant prosecution occurred. *See* DE 1, *United States v. Tran*, 5:20-hc-2097-BO (filed June 4, 2020). Defendant was later found by clear and convincing evidence to be "currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another." DE 28, *United States v. Tran*, 5:20-hc-2097-BO (filed Dec. 15, 2022). Defendant is currently committed to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4246. There is "reasonable cause" to believe Defendant is "mentally incompetent" and should be evaluated for competency to stand trial under 18 U.S.C. § 4241 and Fed. R. Crim. P. 12.2(c)(1)(A).

Defendant also requests that the court order an evaluation of his insanity at the time of the alleged offense. DE 18 at 3. Generally, "[i]f the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. §4242." Fed. R. Crim. P. 12.2(c)(1)(B). However, the court has "inherent powers over the administration of criminal justice . . . to order a psychological examination under appropriate circumstances." *United States v. Salery*, No. 14-cr-431, 2015 WL 893316 (M.D. Ala. Mar. 2, 2015) (citing *United States v. McSherry*, 226 F.3d 153, 155–56 (2d Cir. 2000) (ordering "the Bureau of Prisons to attempt this [insanity] evaluation during the upcoming competency-related commitment because the defense made an oral request and gave notice of his intent under Rule 12.2(b)). Because defense counsel has given notice of his intent to assert an insanity defense and introduce psychiatric testimony bearing on the issue of guilt, an evaluation of Defendant's insanity at the time of the alleged offense, to the extent practicable, is appropriate under 18 U.S.C. § 4242(a) and Fed. R. Crim. P. 12.2(a), (b).

For the foregoing reasons, the motion is GRANTED as follows.

1. Defendant shall submit to a psychiatric or psychological examination by a properly qualified professional (or professionals) for a reasonable period, but not to exceed forty-five days, at FMC Butner pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).

2. The examining professional(s) shall determine "whether the [defendant] is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" pursuant to 18 U.S.C. § 4247(c).

3. To the extent reasonably practicable, the examining professional(s) shall provide an opinion regarding whether "at the time of the commission of the acts constituting the [instant]

offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts" pursuant to 18 U.S.C. §§ 4242, 4247(c), and 17(a).

4. Once the report is complete, the examining professional(s) shall file a report with the court regarding the examination pursuant to 18 U.S.C. §§ 4241(b) and 4247(c).

Upon the filing of the report, the court will schedule a hearing to adjudicate Defendant's competency to stand trial pursuant to 18 U.S.C. §§ 4241(c) and 4247(d). The court will also entertain further pretrial motions from the parties arising from the results of the examination.

Because of Defendant's competency examination and hearing, Defendant's trial and any pending deadlines in this matter other than those set forth within this order are hereby CONTINUED until further order of this court. The court has determined that the ends of justice outweigh the best interests of the public and Defendant in a speedy trial. The delay occasioned by this order shall therefore be excluded in computing Defendant's speedy-trial time. *See* 18 U.S.C. § 3161(h)(7)(A).

SO ORDERED this 2 day of August 2023.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE